UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

METROPOLITAN PROPERTY and CASUALTY INSURANCE
COMPANY as subrogee of ROBERT and KAREN SMITH

Plaintiff,

**NOTICE OF REMOVAL**

Civil No. _____

vs.

WHIRLPOOL CORPORATION and
LG ELECTRONICS U.S.A., INC.

Defendants.

---

**TO:    United States District Court**
       **Western District of New York**

<u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81, Defendants

WHIRLPOOL CORPORATION and LG ELECTRONICS U.S.A., INC. (hereinafter

"Defendants") by their attorneys, Goldberg Segalla LLP, submit this Notice of Removal

from the Supreme Court, State of New York, County of Erie, in which the above-

captioned matter is now pending, to the United States District Court for the Western

District of New York.  In support of said Notice, Defendants state as follows:

<u>Procedural History</u>

1.     Plaintiff filed its Supplemental Summons and First Supplemented and

Amended Verified Complaint in the Supreme Court, State of New York, County of Erie,

on or about May 21, 2013.  Upon information and belief, Defendants respectively first

received a copy of the Supplemented and Amended Verified Complaint on or about June

6, 2013.  An Index of documents filed in State Court is attached hereto as Exhibit A

pursuant to Local Rule 81(a)(3)(A).  Pursuant to local Rule 81(a)(3)(B), attached as

Exhibit B is a copy of the Supplemental Summons and Supplemented and Amended

Verified Complaint filed in State Court.  No other pleadings have been otherwise

received by Defendants.

**Parties**

2.       Plaintiff, Metropolitan Property and Casualty Insurance Company

(hereinafter Metropolitan), asserts in its First Supplemented and Amended Complaint that

it is duly authorized to conduct business in New York.  Upon information and belief, the

principal place of business of Metropolitan is the State of Rhode Island.  Further, the First

Supplemented and Amended Complaint asserts that Robert and Karen Smith are residents

of the County of Erie, State of New York, and thus are citizens of New York for diversity

purposes.

3.       Defendants are foreign business entities with their principal place of

business in other states.  Defendant Whirlpool Corporation's principal place of business

is in the State of Michigan.  Defendant LG Electronics U.S.A., Inc's principal place of

business is in the State of New Jersey.  Thus, both are citizens of other states for diversity

purposes.

**Jurisdiction**

4.       This Court has subject-matter jurisdiction of the action pursuant to

28 U.S.C. § 1332 in that it is a civil action between citizens of a state and subjects of a

foreign state and the matter in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs.

5.      The Supplemented and Amended Verified Complaint seeks liquidated damages in the amount of Three Hundred Thousand Dollars ($300,000.00).  Therefore, this Court has subject matter jurisdiction.

### Basis For Removal

6.      This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

7.      This Notice of Removal is filed with this Court within thirty (30) days of Defendants' receipt of Plaintiff's Supplemented and Amended Verified Complaint. Therefore, Defendants have timely moved for removal.

8.      As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through its attorney of record, and is being filed with the Clerk of the Court of the State of New York Supreme Court, County of Erie, Erie County Clerk's Office.

9.      Copies of all process, pleadings and orders served upon Defendants in the State of New York Supreme Court, County of Erie, Index No. 2013-001431, are attached hereto as Exhibit B.

### Consent of All Defendants

10.      WHIRLPOOL CORPORATION and LG ELECTRONICS U.S.A., INC. are the only defendants to this action and jointly seek removal to this Court.

**WHEREFORE**, Defendants file this notice of removal so that the entire state court action under Index No. 2013-001431 now pending in the State of New York, Supreme Court, County of Erie, be removed to this court for all further proceedings.

Dated: Buffalo, New York
      July 3, 2013

Respectfully submitted,

GOLDBERG SEGALLA LLP


By: *s/John P. Freedenberg*
  John P. Freedenberg, Esq.
  Kathleen J. Martin, Esq.
  *Attorneys for Defendants*
  *WHIRLPOOL CORPORATION and*
  *LG ELECTRONICS U.S.A., INC.*
  665 Main Street, Suite 400
  Buffalo, New York 14203
  (716) 566-5400
  jfreedenberg@goldbergsegalla.com


To:    Daniel W. Coffey, Esq.
       Bowitch & Coffey, LLC
       *Attorneys for Plaintiff*
       17 Elk Street
       Albany, New York 12207-1014
       (518) 813-9500

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

METROPOLITAN PROPERTY and CASUALTY INSURANCE
COMPANY as subrogee of ROBERT and KAREN SMITH

                              Plaintiff,


                                                    Civil No. _____

vs.

WHIRLPOOL CORPORATION and
LG ELECTRONICS U.S.A., INC.

                              Defendants.
_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of defendants' Notice of Removal in

the above-captioned matter was served upon the following-named person on the 3rd day

of July, via regular mail, postage prepaid:

        Daniel W. Coffey, Esq.
        Bowitch & Coffey, LLC
        17 Elk Street
        Albany, New York 12207-1014


I further hereby certify that a true and correct copy of defendants' Notice of

Removal in the above-captioned matter was served upon the following on the 3rd day of

July, 2013, by hand delivery:


        Erie County Clerk's Office
        92 Franklin Street
        Buffalo, New York  14202

Dated: Buffalo, New York
        July 3, 2013

Respectfully submitted,

GOLDBERG SEGALLA LLP


By: _s/John P. Freedenberg_
        John P. Freedenberg, Esq.
        Kathleen J. Martin, Esq.
        *Attorneys for Defendants*
        *WHIRLPOOL CORPORATION and*
        *LG ELECTRONICS U.S.A., INC.*
        665 Main Street, Suite 400
        Buffalo, New York 14203
        jfreedenberg@goldbergsegalla.com

# EXHIBIT A

### Index pursuant to Local Rule 81(a)(3)(A)

1.      *Supplemental Summons and First Supplemented and Amended Verified
        Complaint, dated May 14, 2013, filed May 21, 2013


*       Defendants were not served with a copy of the initial Summons and Complaint.

EXHIBIT B

STATE OF NEW YORK
SUPREME COURT                         COUNTY OF ERIE

METROPOLITAN PROPERTY and CASUALTY INSURANCE
COMPANY as subrogee of ROBERT AND KAREN SMITH,

*Plaintiff,*

-*against*-

WHIRLPOOL   CORPORATION   and   LG   ELECTRONICS
U.S.A., INC.,

*Defendants*

*FILED*
ACTIONS & PROCEEDINGS

MAY 21 2013

ERIE COUNTY
CLERK'S OFFICE

**SUPPLEMENTAL
SUMMONS**

Index No.: 2013001431

**TO THE ABOVE-NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an Answer to

Plaintiff's First Supplemented and Amended Verified Complaint in this action within twenty (20) days after

the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is

complete if this Summons is not personally delivered to you within the State of New York. In case of your

failure to answer, judgment will be taken against you by default for the relief demanded in the Verified

Complaint. Erie County is designated as the place of trial. The basis of venue is that Plaintiff's subrogors

reside in the County of Erie, State of New York and same was the location of the subject fire.


DATED:     May 14, 2013          BOWITCH & COFFEY, LLC

                                 By
                                 Daniel W. Coffey
                                 *Attorneys for Plaintiff*
                                 17 Elk Street
                                 Albany, New York 12207-1014
                                 Telephone: (518) 813-9500

TO:     WHIRLPOOL CORPORATION
        2000 North M-63
        Benton Harbor, MI 49022
        c/o NYS Secretary of State
        One Commerce Plaza
        Albany, NY 12210

        LG ELECTRONICS U.S.A., INC.
        1000 Sylvan Avenue, Legal Department
        Englewood Cliffs, New Jersey 07632
        c/o NYS Secretary of State
        One Commerce Plaza
        Albany, NY 12210

STATE OF NEW YORK
SUPREME COURT                              COUNTY OF ERIE

METROPOLITAN PROPERTY and CASUALTY INSURANCE
COMPANY as subrogee of ROBERT and KAREN SMITH,

                         *Plaintiff,*

        -against-

WHIRLPOOL CORPORATION LG ELECTRONICS U.S.A.,
INC.,

                         *Defendants*

FILED
ACTIONS & PROCEEDINGS
MAY 21 2013
ERIE COUNTY
CLERKS OFFICE

PLAINTIFF'S FIRST
SUPPLEMENTED
AND AMENDED
VERIFIED
COMPLAINT

Index No.: 2013001431

PLAINTIFF, Metropolitan Property and Casualty Insurance Company ("Metropolitan") as subrogee of Robert and Karen Smith, by and through its attorneys, Bowitch & Coffey, LLC, as and for a Verified Complaint, herein alleges as follows upon information and belief:

## PARTIES

1.     At all times hereinafter mentioned, Metropolitan was and is an insurance company duly authorized to conduct business and write policies in the State of New York.

2.     At all times hereinafter mentioned, Robert and Karen Smith owned and resided at 5154 Bayview Road, Town of Hamburg, County of Erie, State of New York (hereinafter "Subject Premises").

3.     Whirlpool Corporation is an active foreign business corporation.

4.     Whirlpool Corporation is registered with the New York State Secretary of State as an active foreign business corporation.

5.     Whirlpool Corporation ("Whirlpool") has its principal place of business in Benton Harbor, Michigan.

6.     LG Electronics U.S.A., Inc. is an active foreign business corporation.

7. LG Electronics U.S.A., Inc. is registered with the New York State Secretary of State as an active foreign business corporation.

8. LG Electronics U.S.A., Inc. ("LG") has its principal place of business in Englewood Cliffs, New Jersey.

## FACTUAL ALLEGATIONS

9. Defendants were and are in the business of, among other things, manufacturing, selling and/or distributing consumer products such as microwave ovens.

10. Defendants marketed in New York State and knew, or should have known, that its products would be distributed and/or sold and/or installed and/or used in New York State.

11. As of May 13, 2012 and for some time prior thereto, Metropolitan insured the Subject Premises under a homeowner's policy of insurance.

12. At some point prior to May 13, 2012, Defendants manufactured, sold, and/or distributed a microwave oven which was installed at the Subject Premises (hereinafter "Subject Microwave Oven").

13. Defendants incorporated into the Subject Microwave Oven parts manufactured by others.

14. The Subject Microwave Oven bore the name "Whirlpool" and was held out to consumers and marketed as being a "Whirlpool" microwave oven.

15. The Subject Microwave Oven was manufactured, sold and/or distributed by LG.

16. The Subject Microwave Oven was manufactured, sold and/or distributed by Whirlpool.

17. An implied and/or explicit contract existed between Whirlpool and LG whereby LG agreed to produce the Subject Microwave Oven to Whirpool.

18. On or about May 13, 2012, a fire occurred at the Subject Premises.

19. The fire originated at the Subject Microwave Oven located in the kitchen at the Subject Premises.

20.     The fire originated at the Subject Microwave Oven due to a defect contained therein.

21.     The Subject Microwave Oven was defective as designed and/or manufactured.

22.     Defendants designed, manufactured, distributed and/or sold the Subject Microwave Oven.

23.     Defendants have been given due notice and an opportunity to inspect the fire scene and the microwave oven.

24.     Metropolitan put Whirlpool on notice of the fire and Metropolitan's claim. Whirlpool tendered the claim to LG and LG accepted Whirlpool's tender.

25.     As a result of the subject fire, Metropolitan was caused to make payments to and/or on behalf of its insureds, Robert and Karen Smith, under the subject policy of insurance and Robert and Karen Smith a suffered loss of deductible.

26.     By virtue of having made said payments, and pursuant to the contract of insurance with its insureds, Metropolitan is subrogated to the rights of its insureds, Robert and Karen Smith, and brings this action to recover the amounts it paid and any deductible suffered by its insureds.

27.     As a result of the subject fire, plaintiffs suffered damages in the total amount of **THREE HUNDRED THOUSAND and 00/100 ($300,000.00) DOLLARS.**

### FIRST CAUSE OF ACTION
*(Product Liability)*

28.     Plaintiff repeats and realleges each and every allegation of the foregoing complaint as though fully set forth herein.

29.     The Subject Microwave Oven was in a defective condition at the time it left the possession of Defendants.

30.     As the manufacturer, designer, distributor and/or seller of the Subject Microwave Oven Defendants are strictly liable for any damages caused by any defects in the same.

31.   Whirlpool is strictly liable for a product which it sold and/or distributed which bears its name regardless as to whether Whirlpool manufactured the product.

32.   By reason of the foregoing, Defendants are liable to Plaintiff in the amount of **THREE HUNDRED THOUSAND and 00/100 ($300,000.00) DOLLARS.**

<u>SECOND CAUSE OF ACTION</u><br>(<i>Negligence</i>)

33.   Plaintiff repeats and realleges each and every allegation of the foregoing complaint as though fully set forth herein.

34.   The aforesaid occurrence was caused by reason of the negligence of the Defendants, their authorized officers, directors, agents, servants and employees.

35.   The negligence of the Defendants consisted of, among other things, improperly designing, manufacturing, distributing and/or selling the aforesaid Subject Microwave Oven in a defective condition; failing to warn the Plaintiff and/or its subrogors of the dangers and defects then and there existing; failing to repair/replace the Subject Microwave Oven; failing to adequately and fully recall the defective Subject Microwave Oven and notify Plaintiff's subrogors of same; failing to use proper quality control procedures; failing to properly inspect and/or test the Subject Microwave Oven; and the Defendants were otherwise negligent

36.   By reason of the foregoing, Defendants are liable to Plaintiff in the amount of **THREE HUNDRED THOUSAND and 00/100 ($300,000.00) DOLLARS.**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the amount of THREE HUNDRED THOUSAND and 00/100 ($300,000.00) DOLLARS, together with interest thereon from May 13, 2012, and the costs and disbursements of this action.

DATED:     May 14, 2013                    BOWITCH & COFFEY, LLC

                                          By: _____
                                               Daniel W. Coffey
                                               *Attorneys for Plaintiff*
                                               17 Elk Street
                                               Albany, New York 12207-1014
                                               Telephone: (518) 813-9500

## ATTORNEY VERIFICATION

**DANIEL W. COFFEY, Esq.** affirms that he is a member of Bowitch & Coffey, LLC, attorneys for Plaintiff in the above-entitled action; that he has read the foregoing Amended Complaint and the same is true of his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters he believes it to true; your deponent is authorized to make this verification pursuant to CPLR §3020(d)(3), in that Metropolitan maintains its principal place of business outside the County of Albany, the county in which your deponent maintains his office.

The sources of deponent's information and the grounds of his belief, as to matters stated upon information and belief are the books, records and files of the plaintiff furnished to deponent and the results of investigation.

I affirm the foregoing to be true under the penalty of perjury, except as to those items stated upon information and belief, in which case I have either information or a reasonable belief supporting their truthfulness, as of the 14th day of May, 2013 pursuant to CPLR 2106.

DANIEL W. COFFEY

2013 u 53 1 52

2013 0531 031



0180-26525657
$04.420
06/04/2013
Mailed From 12231
US POSTAGE

Hasler



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7196 9005 9793 1248 9489

201305310321
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY, 12207-2543

DEPARTMENT OF STATE
DIVISION OF CORPORATIONS,
STATE RECORDS AND UCC
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

(rev)12/08/12 00-1



**DATE RECEIVED**

JUN 0 6 2013

**LAW DEPARTMENT**

CORPORATION SERVICE COMPANY·

## Notice of Service of Process

LDD / ALL
Transmittal Number: 11246032
Date Processed: 06/05/2013

| | |
|---|---|
| Primary Contact: | Ms. Garnet Chapin<br>Whirlpool Corporation<br>211 Hilltop Road<br>MD 2114<br>St. Joseph, MI 49085 |

| | |
|---|---|
| Entity: | Whirlpool Corporation<br>Entity ID Number  2580391 |
| Entity Served: | Whirlpool Corporation |
| Title of Action: | Metropolitan Property and Casualty Insurance Company as subrogee of Robert and Karen Smith vs. Whirlpool Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Erie County Supreme Court, New York |
| Case/Reference No: | 2013001431 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 06/05/2013 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | State of New York Department of State - 05/30/2013 |
| How Served: | Certified Mail |
| Sender Information: | Daniel W. Coffey<br>518-813-9500 |

Notes:      Marks/specks on some pages.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
WHIRLPOOL CORPORATION                               METROPOLITAN PROPERTY AND
                                                    CASUALTY INSURANCE COMPANY


C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY,   NY 12207-2543


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 05/30/2013 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                                  Very truly yours,
                                               Division of Corporations